IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAY E. HERRON,                          §
                                        §
                Plaintiff,              §
                                        §
V.                                      §          No. 3:14-cv-2190-N-BN
                                        §
DALLAS COUNTY TX,                       §
                                        §
                Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned magistrate

judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Ray E. Herron, proceeding *pro se*, brings this civil rights action against Dallas

County, Texas, alleging that he was subjected to excessive force by an unidentified

officer when he was arrested on May 31, 2014. On June 16, 2014, Plaintiff tendered a

complaint to the district clerk and filed an application to proceed *in forma pauperis*.

Because the information provided by Plaintiff in his pauper's affidavit indicates that

he lacks the funds necessary to prosecute this case, the Court granted leave to proceed

*in forma pauperis* and allowed the complaint to be filed. The Court sent written

interrogatories to Plaintiff to obtain additional information about the factual basis of

this suit. Plaintiff answered the interrogatories on July 2, 2014.

In his complaint and interrogatory responses, Plaintiff generally alleges that his constitutional rights were violated when a Dallas Police Department officer tased him. According to Plaintiff, his "so call[ed] wife" made a false report to 911 that he was choking her. *See* Dkt. No. 3 at 1; Dkt. No. 8 at 15. When the officer arrived, the officer instructed Plaintiff to let his wife go, but Plaintiff would not do so, since "she had hit me in the face, broke my glasses, and I was not about to give her a chance to hit me again." Dkt. No. 8 at 5. Plaintiff explains:

> The officer then said I am going to taze your black ass. I then told him that [to do] what he had to do because I was not going to let her hit me again. Then the officer got up in the truck and tazed me and the results was we both got tazed because I was holding on to her.

*Id.* As a result, Plaintiff lost control of his bodily functions and suffered chest pains and scrapes to his knees and legs. *Id.* at 3. Plaintiff was not arrested and has not been prosecuted for assault or any other conduct that occurred on May 31, 2014. *See id.* at 8-12. By this lawsuit, he seeks $100,000 in damages and to have his criminal records sealed. *See id.* at 26.

The undersigned now concludes that Plaintiff's claims against Dallas County should be summarily dismissed under 28 U.S.C. § 1915(e)(2). His excessive force claim against the unnamed officer should proceed and be recommitted to the undersigned magistrate judge for further screening.

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)    is frivolous or malicious;

(ii)   fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at

678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A municipality may be held liable for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy. *See Monell v. Dep't of Social Servs. of N.Y.,* 436 U.S. 658, 694 (1978). Such a policy may include "'a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995) (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984)). But "[i]t is well-established that a city is not liable under § 1983 on the theory of respondeat superior." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009). To establish municipal liability under 42 U.S.C. § 1983, plaintiff must prove three elements: "(1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom." *Hampton Co. National Surety, LLC v. Tunica County,* 543 F.3d 221, 227 (5th Cir. 2008) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

## Analysis

Plaintiff's claims against the Dallas County should be summarily dismissed. Although Plaintiff claims that his rights were violated as a result of a custom or policy of Dallas County, *see* Dkt. No. 8 at 21, Plaintiff fails to identify any official policy or

custom that led to the alleged use of excessive force. When asked to identify the customs or policies that resulted in the violation of his rights, Plaintiff stated, "Dallas County TX. officer of Dallas County Dallas County Jail," Dkt. No. 8 at 22, and that all facts to establish the existence of any custom or policy are "a matter of public records," *id.* at 23-25. Without facts to support an official policy or custom that led to the alleged constitutional deprivation, there is no basis for municipal liability under section 1983. *See Amir-Sharif v. Valdez,* No. 3:06-cv-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007) ("Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint. Instead, plaintiff blames these supervisors for failing to properly investigate his grievances. Even if proved, such a claim is not actionable under 42 U.S.C. § 1983.").

That leaves Plaintiff's claims against the unidentified officer for the use of excessive force. To succeed on an excessive force claim, a plaintiff bears the burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). Without suggesting a view as to whether dismissal may be proper in a different procedural context, the undersigned concludes that Plaintiff has alleged enough facts to survive dismissal at this stage of the proceedings.

Plaintiff has been unable to identify the officer. *See* Dkt. No. 8 at 1 & 17. This case is not subject to dismissal merely because plaintiff cannot identify the officer who allegedly used excessive force. *See Cowart v. Dallas Cnty. Jail*, 439 F. App'x 332, 333

(5th Cir. 2011) (summary dismissal not proper where failure of plaintiff to identify John Doe defendant was not the result of contumaciousness or an attempt to delay the proceedings). To assist in the identification of potential parties, the Dallas County District Attorney's Office, which presumably will represent the defendant if and when he is served, should be asked to provide the Court with the names, job titles, genders, and physical descriptions of all officers who were involved in the use of force incident involving Plaintiff on or about May 31, 2014. On receipt of this information, the undersigned will send written interrogatories to Plaintiff to obtain additional facts about his claims against each potential defendant.

## Recommendation

The Court should summarily dismiss Plaintiff's claims against Dallas County pursuant to 28 U.S.C. § 1915(e)(2). His excessive force claim against the unnamed officer should proceed and be recommitted to the undersigned magistrate judge for further screening.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 4, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE