IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAY E. HERRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2190-N-BN |
| | § | |
| UNNAMED OFFICER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

After initial screening under 28 U.S.C. § 1915(e)(2), the Court recommitted this 42 U.S.C. § 1983 action to the undersigned United States magistrate judge for further screening. *See* Dkt. No. 10. For the reasons stated below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

Plaintiff Ray E. Herron, proceeding *pro se*, filed this civil rights action alleging that he was subjected to excessive force by an unidentified Dallas Police Department officer who Plaintiff alleges tasered him during his arrest on May 31, 2014. *See* Dkt. Nos. 3 & 8.

On October 17, 2014, the Court accepted the magistrate judge's recommendation that the excessive force claim be allowed to proceed. *See* Dkt. Nos. 9 & 10.

On December 1, 2014, the Court entered an order directing the Dallas City

Attorney's Office to provide information to assist Plaintiff in obtaining proper service. *See* Dkt. No. 12. The Dallas City Attorney's Office responded by identifying four Dallas Police Department officers who either participated directly in, assisted in, or were present at, the location of the May 31, 2014 incident alleged by Plaintiff.

On January 1, 2015, the magistrate judge issued a questionnaire to Plaintiff, to which was attached the City Attorney's response, and ordered Plaintiff to respond no later than February 4, 2015 to identify if any of the named officers were the one who tasered him on May 31, 2014. *See* Dkt. No. 14. That order warned Plaintiff that the "[f]ailure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 1. Now, more than one month after that deadline – and more than two months after the Court issued the interrogatory to Plaintiff – the Court has neither received Plaintiff's responses nor otherwise been contacted by Plaintiff.

## Legal Standards and Analysis

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser

sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

By not responding to the Court's interrogatories, Plaintiff has prevented this action form proceeding. *Cf. Muela v. Amarillo Police Dep't*. No. 2:99-cv-54, 2000 WL 34226878 (N.D. Tex. May 12, 2000) (dismissing *pro se* and *in forma pauperis* Section 1983 action "pursuant to Rule 41(b) ... for failure to prosecute based on plaintiff's failure to amend and name the UNKNOWN OFFICERS after receiving complete discovery"). Thus, he has failed to prosecute his lawsuit and obey the Court's orders. As this Court has long recognized, Rule 41(b) dismissal of a lawsuit without prejudice is warranted under similar circumstances. *See, e.g., Abdul-Rahman v. Bank of America*, No. 3:14-cv-2365-M-BN, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (citing *Wiggins v. Management & Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003); *Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009)).

The undersigned further concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

This case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). But if Plaintiff fully responds to the previously issued questionnaire within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE